

560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
201 567 7377  T
201 567 7337  F
www.gardylaw.com

**Gardy & Notis, LLP**
Attorneys at Law

Hon. Katharine S. Hayden
United States District Court, District of New Jersey
U.S. Post Office and Courthouse
50 Walnut Street
Newark, New Jersey  07101

      Re:    *International Union of Bricklayers, et. al. v. Celgene Corp.*, Case No. 2:14-cv-06997
            *City of Providence v. Celgene Corporation*, Case No. 2:15-cv-1605

Dear Judge Hayden:

This firm represents plaintiff City of Providence in the above referenced matter.  I write to report that all parties have met and conferred with respect to the efficient handling of these two litigations, and have agreed upon a plan to do so that is memorialized in the attached Stipulation and Proposed Order Regarding Consolidation.  Please allow this letter to explain the logic of our proposed approach, and the parties remain available for a conference call if the Court would like to discuss this matter.

On November 7, 2014, plaintiff International Union of Bricklayers and Allied Craft Workers Local 1 Health Fund filed an antitrust class action against defendant Celgene Corporation ("Celgene"), captioned *International Union of Bricklayers, et al. v. Celgene Corporation*, No. 14-6997 (the "International Bricklayers' Action").  On February 3, 2015, Celgene moved to dismiss the International Bricklayers' Action.  That motion to dismiss is presently pending before the Court; plaintiff's opposition brief is due this upcoming Tuesday, March 17, 2015, and the motion is returnable April 6, 2015.

Last week, plaintiff City of Providence filed a separate antitrust class action against Celgene, entitled *City of Providence v. Celgene Corporation*, No. 15-1605 (the "Providence Action"), which is also before Your Honor as a related action.  In substance, the International Bricklayers' Action and the Providence Action are virtually identical.  Both allege that Celgene engaged in an anticompetitive scheme to block and/or delay generic competition for Thalomid and Revlimid, causing injury to consumers and third-party payors.  Both Actions also allege that this anticompetitive conduct had the effect of unlawfully prolonging Celgene's monopoly power over the markets for Thalomid and Revlimid.  Finally, both Actions assert similar legal theories, including claims for violations of federal and state antitrust laws, violations of state consumer protection laws, and unjust enrichment.

Because the matters are so similar, plaintiffs and Celgene respectfully submit that the Actions involve common questions of law and fact that make consolidation appropriate pursuant to Federal Rule of Civil Procedure 42.  As this Court has noted, determinations of consolidation require the Court to "weigh 'the interests of judicial economy against the potential for new details, expense, confusion, or,

**Gardy & Notis, LLP**

Hon. Katharine S. Hayden
March 13, 2015
Page 2

prejudice.'"  *Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, No. 08-3610, 2012 U.S. Dist. LEXIS 89446, at *8 (D.N.J. June 27, 2012) (citation omitted).  Here, consolidation will ensure that disputed factual and legal issues are resolved uniformly, contemporaneously, and efficiently.

The parties are aware that under Local Civil Rule 42.1, consolidation is ordinarily achieved through motion.  Here, in lieu of formal motion, the parties respectfully submit the enclosed Stipulation and Proposed Order to expedite and streamline the cases for the Court.  (As explained below, the parties also submit this application via stipulation rather than motion to avoid having the deadline for opposing the pending motion to dismiss pass before the Court has an opportunity to make a decision on this proposal.)

The pending motion to dismiss addresses many issues that are common to both Actions.  The parties therefore propose in the Stipulation that the Court's determinations on the pending motion should apply to both Actions, thereby avoiding the inconvenience to the Court of having to consider identical issues separately in each matter.  If the Court is amenable to this option, the plaintiffs will file a single opposition brief on the pending motion, consistent with the existent briefing schedule.

Because the Providence Action alleges that Providence provided reimbursement for Thalomid and/or Revlimid in six additional states, which were not addressed by Celgene in its motion to dismiss, the parties further propose that Celgene will file and serve a separate motion to dismiss the Providence Action that relates only to those state-law issues unique to the Providence Action.  This motion would be filed within 35 days of service (i.e., within 21 days prescribed under Federal Rule of Civil Procedure 12(a)(1)(A)(i), plus the 14 days provided under the Clerk's extension in Local Civil Rule 6.1(b)).

If this arrangement is acceptable, we respectfully request that Your Honor "so order" the stipulation.

Respectfully submitted,

JENNIFER SARNELLI