# HACH ROSE SCHIRRIPA & CHEVERIE LLP
ATTORNEYS AT LAW

May 27, 2015

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4040
Newark, New Jersey 07101

**Re:** *In re Thalomid and Revlimid Antitrust Litigation*, **Lead Docket No. 14-6997**

Dear Judge Waldor:

    On behalf of all Plaintiffs, we write in response to Defendant Celgene Corporation's request to defer the Rule 16 conference scheduled for June 4. As Celgene noted in its letter request, Plaintiffs do not agree that there is a need to defer the conference.

    Delaying the Rule 16 conference is, in effect, synonymous with staying discovery in the case, and Celgene has failed to meet their burden to demonstrate "good cause" for such a stay. *Maher Terminals, LLC v. Port Auth. of New York & New Jersey*, No. CIV.A. 12-6090 KM, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) (the Court may stay discovery pending determination of a motion to dismiss only on a showing of "good cause" by the party requesting the stay) (citing Fed. R. Civ. P. 26(c)(1)). "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (quoting *Coyle v. Hornell Brewing Co.*, Civ. No. 08–2797(JBS), 2009 WL 1652399, at *3 (D.N.J. June 9, 2009)). Without making out a "clear case of hardship or inequity in being required to go forward," Celgene's request to delay the Rule 16 conference should not be granted. *Maher Terminals*, 2013 WL 2253532, at *2.

    Celgene's justification for its requested delay presupposes that the Court will grant Celgene's motion to dismiss, or substantially narrow the issues in dispute. However, multiple complaints alleging very similar facts and claims have proceeded beyond motions to dismiss, and there is no reason to believe that Plaintiffs' complaint will be treated any differently. *See* Order, *Mylan v. Celgene*, Case No. 14-cv-2094, Dkt. 54 (Dec. 23, 2014) (denying Celgene's motion to dismiss Mylan's claims for violations of section 2 of the Sherman Act); Order and Transcript, *Actelion Pharms. Ltd. v. Apotex*, Inc., No. 12-cv-5743-NLH, Dkt. 90, 93 (D.N.J. Oct. 17 and 23, 2013) (denying defendants' motion to dismiss allegations of anticompetitive refusals to deal) (attached to Plaintiffs' Memorandum of Law in Opposition to Celgene Corporation's Motion to Dismiss Class Action Complaint, Dkt. 29-3).

Hon. Cathy Waldor
May 27, 2015
Page -2

      For these reasons, Plaintiffs request that the Rule 16 conference go forward on June 4 as previously scheduled by the Court.

                                          Respectfully submitted,

                                          */s/ Frank Schirripa*
                                          Frank R. Schirripa, Esq.