**Lowenstein Sandler** LLP

Gavin J. Rooney
Partner

65 Livingston Avenue
Roseland, NJ 07068
T  973 597 2472
F  973 597 2473
grooney@lowenstein.com

May 27, 2015

VIA ELECTRONIC FILING

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4040
Newark, New Jersey 07101

Re:   In re Thalomid and Revlimid Antitrust Litigation, Lead Docket No. 14-6997

Dear Judge Waldor:

We write on behalf of Defendant Celgene Corporation ("Celgene") in reply to plaintiffs International Union of Bricklayers and Allied Craft Workers Local 1 Health Fund ("IUB") and the City of Providence's ("Providence," collectively with IUB, "Plaintiffs") letter dated May 27, 2015 in the above-referenced case.

Plaintiffs object to Celgene's request that the Court defer the Rule 16 conference for now because they believe it is an effective request to stay discovery and that Celgene has not shown "good cause" for such a stay. As an initial matter, Local Rule 16.1(a) does not require Celgene to show, or the Court to find, good cause for this request. Your Honor is empowered to defer a Rule 16 conference "due to the pendency of a dispositive or other motion." L. Civ. R. 16.1(a). Underscoring this by contrast is Local Rule 16.1(b), which expressly requires "good cause" to revise a prior scheduling order. Local Rule 16.1(a) lacks any similar language.

In any event, very good cause does exist here. In the context of antitrust cases like this, the Supreme Court has expressly warned that discovery is an extraordinarily burdensome undertaking for a defendant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007) (recognizing the unusually high cost of discovery in antitrust cases). For this reason, the Supreme Court noted that it is incumbent on plaintiffs to plead a plausible claim. *Id.* at 556-557. Celgene's motions to dismiss highlight the multiple ways Plaintiffs' antitrust and other claims do not satisfy either this plausibility standard or the specific requirements of the various causes of action. (*See generally* Dkt. 24, 31, 35, 41.)

If the Court grants these motions even in part, it will have a dramatic effect on the scope of

Honorable Cathy L. Waldor, U.S.M.J.  May 27, 2015
Page 2

discovery, if not eliminate the need for discovery at all. Plaintiffs allege supposedly anticompetitive conduct going back to at least the late 1990s. (*See*, *e.g.*, Dkt. 1 ¶¶ 66-251.) That is more than fifteen years' worth of business activity. If left unchecked while the motions remain outstanding, Plaintiffs will likely demand documents and information going that far back in time, which will create the exact type of unnecessary hardship the Supreme Court warned against. *See Twombly*, 550 U.S. at 558-559; *see also Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile).

To the extent Plaintiffs claim that other "similar" lawsuits have proceeded past motions to dismiss, they ignore that, in each of those cases, the Court deferred discovery until after those motions were decided. For example, in the antitrust case *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078 (D.N.J. Sept. 6, 2013), the court analyzed the counterclaim-defendants' motion to stay discovery pending their motions to dismiss the counterclaims. *Id.* at *1. Just like Plaintiffs here, the counterclaim-plaintiffs in *Actelion* contended there was no good cause to do so. *Id.* at *2. The Court observed that such good cause did exist because, *inter alia*, (1) the counterclaim plaintiffs would suffer no prejudice from waiting to begin discovery until after resolution of the motions to dismiss; (2) in contrast, the counterclaim defendants **would** suffer prejudice because "the potential cost of discovery establishes a specific and substantiated risk of harm"; and (3) the pending motions to dismiss were not frivolous or without basis in law, so therefore weighed in favor of a stay due to their potential to narrow the case. *Id.* at *3-5. As discussed above and in Celgene's original letter, all such factors also exist here. Plaintiffs offer no facts or arguments suggesting otherwise.[1]

For these reasons and those previously discussed, Celgene respectfully reiterates its request that Your Honor defer the Rule 16 conference at this time.

Respectfully submitted,

s/ Gavin J. Rooney
Gavin J. Rooney

cc:     All Counsel of Record (via electronic filing)

---

[1]   In the *Mylan* case, which Plaintiffs also cite, the Court opted not to issue a discovery scheduling order until after the motions to dismiss. *Compare Mylan Pharms., Inc. v. Celgene Corp.*, 14-cv-2094, Dkt. 54 (Dec. 23, 2014) (order granting in part and denying part motion to dismiss); *with id.*, Dkt. 79 (Pretrial Scheduling Order).