# HACH ROSE SCHIRRIPA & CHEVERIE LLP
ATTORNEYS AT LAW

August 6, 2015

**VIA ECF**

The Honorable Katharine S. Hayden
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room: PO 05
Newark, NJ 07101

Re:  *In re Thalomid and Revlimid Antitrust Litigation*,
Civil Action No. 14-6997 (KSH) (CLW)

Dear Judge Hayden:

Plaintiffs respectfully bring to the Court's attention a recent Third Circuit decision in *Neale v. Volvo Cars of N. Am., LLC*, No. 14-1540, 2015 WL 4466919 (3d Cir. July 22, 2015) (attached as Exhibit A). The *Neale* decision is relevant to Celgene's motion to dismiss Plaintiffs' claims alleging that Celgene unlawfully excluded competition in the market for thalidomide and lenalidomide, which Celgene exclusively sells under the brand-names Thalomid and Revlimid, respectively, in violation of federal and state antitrust and consumer protection laws, as well as state common laws of unjust enrichment.

In its motion to dismiss, Celgene argues that Plaintiffs "lack standing to assert claims under the law of the states *in which they do not reside* or *in which they suffered no injury*." (Emphasis in original). ECF No. 24-1, at 20-21; ECF No. 35-1, at 5-6. In opposing Celgene's motion, Plaintiffs emphasized that the "overwhelming weight of authority is that once a named plaintiff demonstrates his or her own Article III standing, the standing inquiry is over." ECF No. 29, at 28-30; ECF No. 40, at 4-11. The subsequent analysis, conducted during Rule 23 proceedings, turns to whether the plaintiff is an adequate representative of the class. *Id.* In *Neale*, the Third Circuit, in addressing the standing requirements of Article III, reiterated that Article III is "satisfied so long as a class representative has standing," emphasizing that "differences between claims" of "separate statewide classes" should not be "shoehorne[d]" into an Article III analysis but addressed through Rule 23 at the class certification stage. *See Neale*, 2015 WL 4466919, at *11.

Plaintiffs believe that the language the opinion contains concerning standing is valuable for this Court to consider.

Respectfully,

/s/ Frank R. Schirripa
Frank R. Schirripa

Enclosure
cc:  All Counsel of Record