# HACH ROSE SCHIRRIPA & CHEVERIE LLP

### ATTORNEYS AT LAW

November 30, 2015

**<u>VIA ECF</u>**

The Honorable Katharine S. Hayden
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room PO 05
Newark, NJ 07101

> Re:   ***In re Thalomid and Revlimid Antitrust Litigation***
> **Civil Action No. 14-6997 (KSH) (CLW)**
> **Return Date:  December 7, 2015**

Dear Judge Hayden:

Plaintiffs respectfully submit this statement, pursuant to L.Civ.R. 7.1(d)(4) in lieu of filing a reply brief, indicating why no brief is necessary in further support of the motion to appoint Interim Co-Lead Counsel.

First, no opposition has been filed to the Plaintiffs' motion.  Second, Plaintiffs' original motion papers adequately demonstrate that Proposed Interim Co-Lead Counsel: (1) conducted significant preliminary research reviewing, (a) corporate statements, (b) relevant patent infringement actions, (c) underlying patents for Thalomid and Revlimid, (d) the Federal Food, Drug, and Cosmetic Act ("FDCA") standards for New Drug Applications ("NDAs"), (e) the Hatch-Waxman Act, and (f) other research into the complex industry for generic prescription drugs, including speaking with health and welfare plan participants and counsel for large third-party payors before filing the first end-payor complaints; (2) have experience in handling class actions and knowledge of the relevant laws; (3) will commit

Hon. Katharine S. Hayden
November 30, 2015
Page 2

substantial resources to conduct this litigation; and (4) have the ability to work cooperatively with other attorneys and each other, as evidenced in other litigation where they have worked together.

Pursuant to Fed. R. Civ. P. 23(g)(3), the Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *See, e.g., Waudby v. Verizon Wireless Services, LLC*, 248 F.R.D. 173, 175-76 (D.N.J. 2008). In doing so, the factors to be considered focus on the work counsel has done in investigating and identifying the claims, counsel's experience, and the resources counsel can bring to the litigation. Thus, the Court:

> [M]ust inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

Manual for Complex Litigation, Fourth (2004), ¶21.271.

Plaintiffs have met that burden and respectfully request that their motion, which is unopposed, be granted in its entirety.

Respectfully,

Frank R. Schirripa

cc: All Counsel of Record

618   247-

HRSC LLP