NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE THALOMID AND REVLIMID ANTITRUST LITIGATION | Civil Action No. 14-6997<br><br>OPINION & ORDER |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** is before the Court by way of Defendant Celgene Corporation's ("Defendant" or "Celgene") Motion for Judgment on the Pleadings, ECF No. 183;

and it appearing that Class Plaintiffs International Union of Bricklayers and Allied Craft Workers Local Health Fund, International Union of Operating Engineers Local 39 Health and Welfare Trust Fund, The Detectives' Endowment Association, Inc., David Mitchell ("Mitchell"), City of Providence, and New England Carpenters Health Benefits Fund (collectively, "Plaintiffs") oppose the motion, ECF No. 197;

and it appearing that, three years ago, Plaintiffs filed two putative class action complaints against Celgene, purportedly on behalf of nationwide classes of individuals and entities based on alleged violations of the laws of all U.S. states and territories except Ohio and Indiana;

and it appearing that, in August 2017, Plaintiffs filed a Consolidated Amended Complaint, purporting to represent two "Damages" classes: an "Antitrust/Consumer Protection Damages Class" of persons and entities in 32 states, the District of Columbia, and Puerto Rico, and an "Unjust Enrichment Damages Class" of persons and entities in "every state and territory in the United States except for Ohio and Indiana," see ECF No. 143;

and it appearing that, in their pleadings, the five entity Plaintiffs allege that they reimbursed some or all of the purchase price for Revlimid and Thalomid in thirteen states and that Plaintiff Mitchell brings claims under District of Columbia law;

and it appearing that, on October 2, 2017, Plaintiffs filed a motion for class certification and appointment of class counsel, seeking certification of an "Antitrust/Consumer Protection Damages Class" and an "Unjust Enrichment Damages Class" under the fourteen Class Jurisdictions—the thirteen states along with the District of Columbia—and an "Injunction Class" under Rule 23(b)(2), ECF No. 149;

and it appearing that Plaintiffs' motion for class certification makes no arguments regarding the laws of the non-class jurisdictions, nor do Plaintiffs assert that they have standing to bring such claims;

and it appearing that fact discovery in this case, which has been pending since 2014, is now closed, and there are no pending motions to intervene;

and it appearing that Defendant thus seek judgment on the pleading pursuant to Fed. R. Civ. P. 12(c)[1] because none of the named Plaintiffs alleges injury under the antitrust, consumer

---

[1] A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) should be granted if the movant establishes that "there are no material issues of fact, and he is entitled to judgment as a matter of law." Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017) (internal quotation marks omitted). The standard is "substantively identical to that of a motion to dismiss; the difference between the two is procedural—a motion for judgment on the pleadings is filed after the pleadings are closed, and a motion to dismiss is filed in lieu of an answer." Luna v. Weiner, No. 05-2298, 2006 WL 2570837, at *3 (D.N.J Sept. 6, 2006). "All reasonable inferences must be made in the non-moving party's favor." N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc., 141 F. Supp. 3d 298, 302 (D.N.J. 2015) (citation omitted). "The motion should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004) (citation and internal quotation marks omitted).

protection, or unjust enrichment laws of the Non-Class jurisdictions and, thus, Plaintiffs have not carried their burden of establishing the elements of standing in the Non-Class jurisdictions;

and it appearing that Plaintiffs argue that the instant motion would curtail the rights of potential additional plaintiffs from seeking to become class representatives in this action and, if motions to intervene are filed during the pendency of Plaintiffs' motion for class certification that would justify certification of class claims under additional states' laws, it would be more efficient to add those claims to the pending certification motions than it would be to start a new and duplicative lawsuit;

and it appearing that Plaintiffs further argue that the "cut-off" point to alter a class action certification order is at final judgment and that granting Celgene's motion prior to the decision on class certification would unduly prejudice Plaintiffs' ability to alter or amend their class definition, as may be appropriate as the case progresses, see In re NFL Players Concussion Injury Litig., 775 F.3d at 579 ("The 2003 Amendments [to Rule 23(c)(1)] changed the cut-off point to alter a class action certification order at final judgment") (citation and internal quotation marks omitted);

and it appearing that, given the denial of Plaintiffs' motion for class certification without prejudice, the Court will not at this time grant Celgene's Motion for Judgment on the Pleadings;

and it further appearing that, to the extent Plaintiffs seek to amend their claims or any additional plaintiffs from jurisdictions outside the thirteen represented states that District of Columbia, Defendant is free to challenge the timeliness of such motions;

**IT IS** on this 31st day of October, 2018;

**ORDERED** that Celgene's Motion for Judgment on the Pleadings is **DENIED**.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**