# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE THALOMID AND REVLIMID ANTITRUST LITIGATION | Civ. No. 14-6997 (MCA) (MAH) |

## [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion") with Celgene Corp. ("Celgene") and for certification of the Settlement Class (defined below), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the July 16, 2019 settlement agreement between Plaintiffs and Celgene (hereinafter, the "Settlement Agreement").

### Preliminary Approval of Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that

1

the Settlement Agreement was entered into as a result of arm's-length negotiation by experienced counsel, with the assistance of an experienced mediator, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class, pursuant to a plan Plaintiffs will soon submit to the Court, subject to approval of the Court.

## Class Certification

3. Pursuant to Fed. R. Civ. P. 23 ("Rule 23"), and to facilitate the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies for settlement purposes only the following class (the "Settlement Class"):

> All persons or entities who purchased and/or paid for some or all of the purchase price of Thalomid or Revlimid in any form, before Aug 1, 2019, [the Preliminary Approval Date] in California, the District of Columbia, Florida, Kansas, Maine, Massachusetts, Michigan, Nebraska, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, or Tennessee, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, but excluding the following:
>
> a. Celgene and its officers, directors, management, employees, subsidiaries, or affiliates;
>
> b. All federal or state governmental entities, except cities, towns, or municipalities with self-funded prescription drugs plans;
>
> c. All persons or entities who only purchased Revlimid or Thalomid for purposes of resale directly from Celgene or its affiliates;

2

    d.    Fully insured health plans;

    e.    Stop-loss insurers; and

    f.    The judges in this case and any members of their immediate families.

4. The Court finds that certification of the Settlement Class is warranted because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Interim Co-Lead Counsel will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

### Appointment of Class Representatives and Escrow Agent

5. The Court hereby appoints Plaintiffs International Union of Bricklayers and Allied Craft Workers Local 1 Health Fund, the City of Providence, International Union of Operating Engineers Local 39 Health and Welfare Trust Fund, The Detectives' Endowment Association, New England Carpenters Health Benefits Fund, and David Mitchell as class representatives on behalf of the Settlement Class.

6. The Court hereby appoints Huntington National Bank as the Escrow Agent for the Settlement.

## Fairness Hearing

7.  Following notice to members of the Settlement Class, the Court shall conduct a Fairness Hearing, the date for which will be set following approval of Plaintiffs' plan for notice, to determine:

   a.  Whether the proposed settlement is fair, reasonable, and adequate, and should be granted final approval;

   b.  Whether final judgment should be entered dismissing the claims of the Settlement Class against Defendant with prejudice as required by the Settlement Agreement; and

   c.  Such other matters as the Court may deem appropriate.

## Other Provisions

8.  Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by the terms and provisions of the Settlement Agreement, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the Settlement Fund.

9.  In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary

in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiffs, the members of the Settlement Class, and Celgene.

10. The Court approves the establishment of the Settlement Funds pursuant to the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Interim Co-Lead Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

11. The litigation against Defendant is stayed except to the extent necessary to effectuate the settlement. All deadlines previously set by the Court are hereby vacated.

12. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement, except as explicitly agreed otherwise by the parties in the Settlement Agreement.

**IT IS SO ORDERED** this 1st day of August, 2019.

_____
U.S.D.J.