UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| **IN RE THALOMID AND REVLIMID ANTITRUST LITIGATION** | Civ. No. 14-6997 (MCA) (MAH) <br><br> **ORDER** |

Upon consideration of Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), and the materials filed in support thereof, and having scheduled a Fairness Hearing for September 30, 2020, and no objectors having appeared for that hearing or otherwise contacted the Court via phone, email, mail or any other way to file any objections, and given the Covid-19 pandemic and standing Orders of the Court and the practicability of having an in person hearing, and having carefully reviewed the briefs and declarations filed in support, and having no questions to pose to counsel, and having satisfied itself that the settlement is fair, reasonable and adequate and in the best interest of the class; and the attorney fee award request is likewise fair and reasonable, and good cause appearing therefore,

IT IS THIS 2nd day of October 2020,

**ORDERED** AS FOLLOWS:

1. This Order incorporates the Settlement Agreement (ECF No. 312-3), the Orders Granting Preliminary Approval of Class Settlement (ECF Nos. 316, 318), and the Order Granting Plaintiffs' Unopposed Motion to Distribute Notice to the Settlement Class, Appoint Notice and Claims Administrator, and For Approval of the Plan of Allocation (ECF No. 314). Unless otherwise provided, the terms

1

defined in the Settlement Agreement and Orders referenced herein have the same meanings for purposes of this Order.

2. The Court has jurisdiction over this action and all parties thereto, including, but not limited to, all Class members, for all matters relating to this action and the Settlement Agreement, including, without limitation, the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

3. On May 20, 2020, this Court entered an Order: preliminarily approving the Settlement Agreement; finding that the prerequisites for class certification have been met, and it will likely be able to certify the Settlement Class for settlement purposes only after the Fairness Hearing; appointing Plaintiffs International Union of Bricklayers and Allied Craft Workers Local 1 Health Fund, the City of Providence, International Union of Operating Engineers Local 39 Health and Welfare Trust Fund, The Detectives' Endowment Association, New England Carpenters Health Benefits Fund, and David Mitchell as class representatives on behalf of the Settlement Class; appointing Co-Lead Counsel as Settlement Class Counsel; and appointing Huntington National Bank as Escrow Agent for the Settlement. ECF No. 316.

4. The Settlement Class is defined as:

> All persons or entities who purchased and/or paid for some or all of the purchase price of Thalomid or Revlimid in any form, before the

preliminary approval date (May 20, 2020), in California, the District of Columbia, Florida, Kansas, Maine, Massachusetts, Michigan, Nebraska, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, or Tennessee, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, but excluding the following:

   a. Celgene and its officers, directors, management, employees, subsidiaries, or affiliates;

   b. All federal or state governmental entities, except cities, towns, or municipalities with self-funded prescription drugs plans;

   c. All persons or entities who only purchased Revlimid or Thalomid for purposes of resale directly from Celgene or its affiliates;

   d. The entities on Attachment A to the Settlement Agreement;

   e. Fully insured health plans;

   f. Stop-loss insurers; and

   g. The judges in this case and any members of their immediate families.

*See* ECF No. 318 at ¶ 3.

5. On May 20, 2020, this Court entered an Order approving the Plan of Notice Distribution, Plan of Allocation, appointing KCC, LLC as Notice and Claims Administrator, establishing several deadlines, and scheduling the Fairness Hearing for September 30, 2020. ECF No. 314.

6. The record shows, and the Court finds, that notice has been disseminated to the Class in substantially the manner approved by the Court in its May 20, 2020 Order. The Court finds that: (i) this constitutes the best notice practicable to the Class under the circumstances; (ii) the notice was reasonably calculated, under the circumstances, to apprise the Class of the pendency of the action and the terms of the Settlement Agreement, their right to exclude themselves from the Settlement or to object to any part thereof, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement on all persons who do not exclude themselves from the Settlement; (iii) the notice was adequate and sufficient to all persons or entities entitled to receive notice; and (iv) the notice fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

7. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class members, except those who validly opted-out, are bound by the terms of this Order.

8. The Court further finds that Defendant Celgene Corporation ("Celgene") provided notice of the Settlement Agreement to the appropriate state

and federal government officials pursuant to 28 U.S.C. § 1715, and the requisite 90 days for said officials to comment on or object to the Settlement has passed.

9. The Court finds that the Settlement Agreement resulted from extensive *bona fide* arm's-length, good faith negotiations between the Parties, through experienced counsel, and with the assistance of an experienced mediator.

10. Pursuant to Fed. R. Civ. P. 23, the Court finds that the prerequisites for a class action have been met and certifies for settlement purposes only the following class (the "Settlement Class"):

> All persons or entities who purchased and/or paid for some or all of the purchase price of Thalomid or Revlimid in any form, before the preliminary approval date (May 20, 2020), in California, the District of Columbia, Florida, Kansas, Maine, Massachusetts, Michigan, Nebraska, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, or Tennessee, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, but excluding the following:
>
> a. Celgene and its officers, directors, management, employees, subsidiaries, or affiliates;
>
> b. All federal or state governmental entities, except cities, towns, or municipalities with self-funded prescription drugs plans;
>
> c. All persons or entities who only purchased Revlimid or Thalomid for purposes of resale directly from Celgene or its affiliates;
>
> d. The entities on Attachment A to the Settlement Agreement;
>
> e. Fully insured health plans;

      f.      Stop-loss insurers; and

      g.      The judges in this case and any members of their immediate families.

11.    The Court finds that certification of the Settlement Class is warranted because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

12.    Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves in all respects the Settlement Agreement and finds that it benefits the Settlement Class members. Accordingly, the Settlement Agreement shall be consummated in accordance with its terms and provisions.

13.    The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and the additional factors set forth in *In re Prudential Ins. Co. of Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998).

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 AS FOLLOWS:

14. Having found the Settlement to be fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 as to Settlement Class members, and that due, adequate, and sufficient notice has been provided to all persons or entities entitled to receive notice satisfying the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law, the Settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement.

15. This Court retains exclusive jurisdiction over the Settlement, including its administration and consummation.

**IT IS SO ORDERED this 2nd day of October, 2020.**

BY THE COURT:

_____
Hon. Madeline Cox Arleo
United States District Judge