UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE THALOMID AND REVLIMID ANTITRUST LITIGATION | CIV. NO.  14-6997 (MCA) (MAH) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AUTHORIZE DISTRIBUTION OF THE SETTLEMENT FUND**

Plaintiffs respectfully submit this memorandum in support of their motion to authorize a second distribution of the Settlement Fund.

**I.  FACTUAL BACKGROUND**

On May 12, 2022, the Court granted Plaintiffs' Motion to Authorize Distribution of the Settlement Fund. ECF 331. Pursuant to the approved Plan of Allocation, 5.5% of the Net Settlement Fund was allocated to Thalomid purchasers (with 15.5% to consumers and 84.5% to TPPs) and 94.5% of the Net Settlement Fund was allocated to Revlimid purchasers (13.5% to consumers and 86.5% to TPPs). *See* ECF 313-1 at 14; ECF 314; ECF 330 at 5. Eligible claimants were paid out of each allocation pool for which they are eligible. *See* ECF 330-2 at ¶ 9 and Exhibit A thereto.

Following that order, KCC, LLC, serving as the Court-approved Notice and Claims Administrator, immediately began distribution of the Net Settlement Fund to approved claimants. *See* Declaration of Derek Smith re Second Distribution of Net Settlement Fund, dated September 27, 2023 ("Smith Decl."). Over the last year, KCC has diligently contacted claimants who had not cashed their checks and reissued checks as necessary. *Id.* After many months of follow-up, KCC recommends a second distribution of the remaining funds.

## II.    PROPOSED DISTRIBUTION

Of the remaining uncashed funds, $358,088.11 falls into the Consumer Revlimid pool, $29,841.48 falls into the Consumer Thalomid pool, $111,203.11 falls into the TPP Revlimid pool, and $10,774.32 falls into the TPP Thalomid pool. Smith Decl. at ¶ 4. Settlement Class Counsel recommend that each pool of funds be allocated to approved claimants within each class member type who deposit their checks from the first distribution, and who would be entitled to a payment of $10.00 or more from the second distribution. The first distribution already made minimum $5.00 payments to every approved claimant.

If the Court adopts the recommendations of Settlement Class Counsel and KCC, the distribution will be made pursuant to the calculations attached as Exhibit A to the Smith Declaration, showing ClaimID, claim type (TPP or consumer), approved Thalomid purchases, approved Revlimid purchases, and approximate

settlement payment amount.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court authorize distribution of the Net Settlement Fund to Settlement Class members who have submitted valid claims as set forth above and in the Smith Declaration.

Dated: September 29, 2023

Respectfully submitted,

By: */s/ Katie R. Beran*

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3270
kberan@hausfeld.com

Frank R. Schirripa
Daniel B Rehns
**HACH ROSE SCHIRRIPA & CHEVERIE LLP**
112 Madison Ave, 10th Floor
New York, NY 10016
fs@hachroselaw.com
drehns@hrsclaw.com

*Co-Lead Counsel for the Settlement Class*